## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **ALLISON McCOMAS** | : | Case No. 3:13-cv-184 |
| | : | |
| PLAINTIFF, | : | Judge Timothy S. Black |
| | : | |
| v. | : | |
| | : | |
| **ORION HEALTHCORP, INC., et al.** | : | **STIPULATED ATTORNEYS' EYES** |
| | : | **ONLY PROTECTIVE ORDER FOR** |
| DEFENDANTS. | : | **THE PROTECTION OF** |
| | : | **CONFIDENTIAL INFORMATION** |
| | : | |
| | : | |

Plaintiff and Defendants, by their counsel, and subject to approval of the Court, hereby stipulate to the following Attorneys' Eyes Only Protective Order for confidential psychological, medical, and mental health records as specified herein.

**IT IS HEREBY STIPULATED THAT:**

Each party to this proceeding or any subsequent appeals and anyone else who may subscribe to this Stipulated Attorneys' Eyes Only Protective Order ("Attorneys' Eyes Only Protective Order") agrees as follows:

### PURPOSE

The parties recognize that preparation and trial of this action may require the discovery of certain of Plaintiff's psychological, medical, and mental health records. Plaintiff desires to litigate this action without jeopardizing her interest and expectation in the privacy and confidentiality of her records, and so Plaintiff and Defendant enter this Attorneys' Eyes Only Protective Order.

## INFORMATION SUBJECT TO THIS ORDER

1.      The Defendants have requested from Plaintiff the production of certain psychological, medical, and mental health information, which Plaintiff contends is confidential and highly sensitive. For purposes of this litigation, Plaintiff hereby agrees to produce said information subject to the terms of this Attorneys' Eyes Only Protective Order. The parties further agree that, subject to written agreement by all parties, it may be appropriate for additional information exchanged during discovery to be subject to attorneys' eyes only protection under the terms of this Attorneys' Eyes Only Protective Order. If a party believes that additional information that is requested or otherwise produced during discovery warrants such protection, counsel for the party will notify counsel for the other parties in writing, and counsel for the parties may exchange the records at issue for purposes of consideration as to whether attorneys' eyes only protection is appropriate. In the event all parties, through counsel, agree in writing that attorneys' eyes only protection is appropriate, said information shall be produced subject to the terms of this Attorneys' Eyes Only Protective Order. In the event the parties are unable to reach such an agreement, they may approach the Court for assistance in resolving this matter. Access to materials exchanged by counsel during this process shall be limited to attorneys' eyes only until the matter is resolved by agreement of the parties or by the Court.

2.      Unless otherwise agreed to in writing by the parties as set forth in paragraph 3 below, and pursuant to the procedures set forth herein, the protection of this Attorneys' Eyes Only Protective Order shall apply to this information as described in paragraph 1 above, whether it be (a) conveyed by or contained in a document produced; (b) stated in an answer to an interrogatory or request for admission; (c) disclosed in an oral deposition by a party or non-party in the course of discovery in this proceeding; or (d) disclosed pursuant to a voluntary agreement

2

among counsel.   All information so conveyed or contained which is believed to contain "Confidential – Attorneys' Eyes Only" information may be designated as "Confidential – Attorneys' Eyes Only" by marking as "Confidential – Attorneys' Eyes Only" each page of each document, discovery response, or deposition transcript believed to contain such "Confidential – Attorneys' Eyes Only" information.  Plaintiff, by and through her counsel, shall be responsible for designating as "Confidential – Attorneys' Eyes Only" psychological, medical, or mental health information that she produces and that she reasonably believes to be of the type covered by this Order, and the information so designated shall thereafter be subject to the provisions of this Attorneys' Eyes Only Protective Order.  In the case of Plaintiff's psychological, medical, or mental health records obtained by defense counsel pursuant to authorization by Plaintiff, all such records will be received and treated as if designated "Confidential – Attorneys' Eyes Only" by defense counsel until and unless designated otherwise by Plaintiff's counsel.  Copies of all such records shall be provided to Plaintiff's counsel by defense counsel in order for Plaintiff's counsel to designate and produce as "Confidential – Attorneys' Eyes Only" in accordance with the terms of this Order and any such records not so designated will thereafter not be subject to the terms of this Order.

3. If a party receives information designated as "Confidential – Attorneys' Eyes Only" by the producing party that the receiving party contends is not properly designated "Confidential – Attorneys' Eyes Only," in whole or in part, or if the receiving party believes in good faith that a person or persons other than a Qualified Person should see or be made aware of such information, said receiving party shall consult with the producing party in an attempt to reach an agreement regarding such information.   The parties may agree in writing only to withdraw the designation of "Confidential – Attorneys' Eyes Only."  If no agreement is reached,

3

all parties shall contact the Court with respect to such documents or information. Until such time as the Court decides on the proper classification of the disputed documents or information, the documents or information shall remain subject to this Attorneys' Eyes Only Protective Order.

    4.    "Qualified Person" as used herein means:

        (i)    attorneys representing Plaintiff and Defendants in this litigation, including both attorneys of record and attorneys of counsel who are identified in a pleading in this litigation, and employees of such attorneys to whom it is necessary that the "Confidential – Attorneys' Eyes Only" information be disclosed for purposes of this litigation;

        (ii)    persons who are retained or consulted as independent experts by the party receiving the "Confidential – Attorneys' Eyes Only" information and have reviewed this Attorneys' Eyes Only Protective Order and agreed in writing to be bound by its terms by signing a copy of Exhibit "A" attached hereto, a signed copy of which shall be supplied to the opposing party before any information classified as "Confidential – Attorneys' Eyes Only" is revealed to such experts. Unless otherwise agreed by the parties, such independent experts shall not be directly or indirectly employed by or in any way affiliated with the party (other than as an expert in connection with this case) and (s)he shall so represent his/her independent status in his acknowledgement of this Attorneys' Eyes Only Protective Order;

        (iii)    any other person who is designated as a Qualified Person by agreement of the parties hereto and who has reviewed this Attorneys' Eyes Only Protective Order and agreed in writing to be bound by its terms by signing

4

a copy of Exhibit "A" attached hereto, a signed copy of which shall be supplied to all parties before any information classified as "Confidential – Attorneys' Eyes Only" is revealed to such person.

5.      All information produced or exchanged in the course of this litigation which is designated "Confidential – Attorneys' Eyes Only" shall be used solely for the purpose of this litigation and not for any other purpose (including competition), and a party receiving such "Confidential – Attorneys' Eyes Only" information shall not make it available to persons other than Qualified Persons, except that with respect to a document designated as or as containing "Confidential – Attorneys' Eyes Only" information, any person indicated on the face of the document to be its originator, author or recipient of a copy thereof may be shown the same, and the parties may agree to further disclose beyond Qualified Persons as set forth in paragraph 3 above.  The parties shall reasonably cooperate with regard to the use of the "Confidential – Attorneys' Eyes Only" information at depositions so as not to impair the ability of the party taking the deposition to complete efficiently and promptly his or her discovery without the need for Court intervention.

6.      All "Confidential – Attorneys' Eyes Only" information and any and all reproductions, condensations, abstracts, excerpts or summaries thereof shall be retained in the custody of the counsel of record of the receiving party or its independent expert.

7.      In the event that any information or documents designated "Confidential – Attorneys' Eyes Only" are incorporated in any paper filed in connection with this proceeding or any subsequent appeals, such material shall be filed with instructions to the Clerk of the Court that, except as otherwise provided by the Court, they are to be sealed pursuant to this Attorneys' Eyes Only Protective Order and are not to be disclosed to any persons other than the Court and

counsel of record in this action. Documents filed under seal shall be filed in envelopes that are marked on the outside "Confidential - Filed Under Seal."

8.      In the event "Confidential – Attorneys' Eyes Only" information is desired to be offered by way of testimony or exhibit in hearings before the Court or at trial, at the time such "Confidential – Attorneys' Eyes Only" information is to be presented the presenting party shall apprise the Court and the other parties of this fact and, except as the Court may otherwise direct, such testimony or exhibit may be received *in camera*. No "Confidential – Attorneys' Eyes Only" Information shall be presented to the jury or disclosed in any way without the express order of the Court.

9.      The inadvertent or unintentional disclosure of "Confidential – Attorneys' Eyes Only" information by a party, during the course of this litigation, without designating it "Confidential – Attorneys' Eyes Only" at the time of disclosure, shall not be deemed a waiver in whole or in part of that party's claim of confidentiality as to the specific information relating thereto. Any such "Confidential – Attorneys' Eyes Only" information must, however, be designated "Confidential – Attorneys' Eyes Only" within thirty (30) days after it has been so disclosed in order for it to maintain its "Confidential – Attorneys' Eyes Only" status. This paragraph shall not require the receiving party to treat any information as subject to this Protective Order, until notice of confidentiality is actually received by the receiving party.

10.     A party shall not be obligated to challenge the propriety of a "Confidential – Attorneys' Eyes Only" designation at the time such designation is made, and a failure to do so shall not preclude subsequent challenge thereto. This Attorneys' Eyes Only Protective Order shall be without prejudice to the right of either party to bring before this Court at any time the question of whether any information is or is not in fact "Confidential – Attorneys' Eyes Only"

information, and the party's agreement to this Protective Order shall in no way be deemed an acceptance of protection provided for herein as reasonable or an admission that the information is "Confidential – Attorneys' Eyes Only."

11. The clerk of this Court is directed to maintain under seal all documents which are filed with the Clerk and which have been designated, in whole or in part, as "Confidential – Attorneys' Eyes Only" information by a party.

12. In the event that a party wishes to use any "Confidential – Attorneys' Eyes Only" information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, the portions of papers containing such "Confidential – Attorneys' Eyes Only" information shall be filed in accordance with paragraph 7 hereof and shall be maintained under seal by the Clerk.

13. Within six months after the conclusion of this litigation, all "Confidential – Attorneys' Eyes Only" information and all reproductions, condensations, abstracts, excerpts or summaries thereof shall be returned to the party from where it was received or, at the option of receiving party, destroyed with notice to opposing counsel of destruction.

14. This Order shall be without prejudice to the right of any party or non-party to present to the Court a motion for a separate Protective Order as to any such particular documents or information, including restrictions differing from those as specified herein, and this Order shall not be deemed to prejudice any party in any way in any future application for modification of this Order.

15. This Order has no effect upon, and shall not apply to the parties' own use of the information and documents that that party produced under the protections of this Order.

16.     This Order shall not apply to information in the public domain or obtained from other sources not in violation of this Order regardless of whether or not such information is also contained in discovery materials designated as "Confidential" in this case.

17.     The United States District Court for the Southern District of Ohio retains jurisdiction to alter or amend this Order by further order of the Court upon a showing of good cause.  Upon approval by the Court, this Stipulated Attorneys' Eyes Only Protective Order shall be effective as the Order of the Court.  Nothing in this Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made concerning the issue of the status of "confidential" information.

18.     Nothing in this Attorneys' Eyes Only Protective Order shall bar or otherwise restrict any attorney of record herein from rendering legal advice to his client with respect to this litigation and, in the course thereof referring to or relying upon his examination of "Confidential Attorneys' Eyes Only" information produced or exchanged herein; provided, however, that in rendering such advice, and in otherwise communicating with his client, the attorney shall not disclose any "Confidential – Attorneys' Eyes Only" information or the source thereof, which disclosure would be contrary to the terms of this Order.

19.     The parties may by written stipulation provide for exceptions to this Attorneys' Eyes Only Protective Order, and any party may seek an order of this Court modifying the Attorneys' Eyes Only Protective Order.

SO ORDERED:

Timothy S. Black
UNITED STATES DISTRICT JUDGE

8

STIPULATED:

/s/ Robert A. Klingler
Robert A. Klingler (0031603)
Brian J. Butler (0082675)
ROBERT A. KLINGLER CO., L.P.A.
525 Vine Street, Suite 2320
Cincinnati, Ohio 45202
Telephone: (513) 665-9500
Facsimile: (513) 621-3240
Email: rak@klinglerlaw.com
        bjb@klinglerlaw.com
Attorneys for Plaintiff

/s/ Steven C. Coffaro
Steven C. Coffaro
Lori G. Heilman
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
steve.coffaro@kmklaw.com
lheilman@kmklaw.com
Attorneys for Defendant
Pediatric Associates of Dayton, Inc.

/s/ Dion Y. Kohler
Dion Y. Kohler
Jackson Lewis LLP
1155 Peachtree Street, NE, Suite 1000
Atlanta, Georgia 30309
kohlerd@jacksonlewis.com
Attorney for Defendants Orion Healthcorp, Inc.
and Integrated Physician Solutions, Inc.

/s/ John M. Ruffolo
John M. Ruffolo
Ruffolo, Stone, & Dressel
7501 Paragon Road
Dayton, Ohio 45459
ruffololawdayton@aol.com
Attorney for Defendant
David L. Roer, M.D.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **ALLISON McCOMAS** | : | Case No. 3:13-cv-184 |
| | : | |
| PLAINTIFF, | : | Judge Timothy S. Black |
| | : | |
| v. | : | |
| | : | |
| **ORION HEALTHCORP, INC., et al.** | : | **AGREEMENT CONCERNING** |
| | : | **CONFIDENTIAL – ATTORNEYS'** |
| DEFENDANTS. | : | **EYES ONLY MATERIAL** |
| | : | **COVERED BY PROTECTIVE** |
| | : | **ORDER** |
| | : | |

The undersigned hereby acknowledges that he or she has read the Stipulated Attorneys' Eyes Only Protective Order for the Protection of Confidential Information of parties dated _____, 2013, and entered by the United States District Court for the Southern District of Ohio in the above-captioned matter, and understands the terms thereof and agrees to be bound thereto. The undersigned acknowledges that he or she is not employed by or in any way affiliated with the parties to this litigation, directly or indirectly (except as an expert in connection with this case).

DATED: _____

Signature: _____

Name: _____

Employer: _____

Title: _____

10