UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ALLISON McCOMAS** | ) | Case No. 3:13-cv-00184-TSB |
| | ) | |
| Plaintiff, | ) | (Judge Black) |
| | ) | |
| -v- | ) | **STIPULATED PROTECTIVE ORDER** |
| | ) | |
| **ORION HEALTHCORP, INC.,** *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential and ensure that protection is afforded only to materials so entitled, pursuant to the Court's authority under Fed. R. Civ. P. 26, and by agreement of the parties and for good cause shown, **IT IS HEREBY ORDERED** as follows:

1. Unless and until otherwise ordered by this Court, all documents, tangible materials and/or information (hereinafter referred to collectively as "Confidential Information") that are subject to this Order shall be made available by or on behalf of the parties only to "Qualified Persons" (as defined in Paragraph 3 below) who shall agree to be bound by this Order and who shall not permit disclosure of such Confidential Information to anyone who is not also a Qualified Person hereunder. For purposes of this Order, the term "documents" shall include any documents produced by either a party to this litigation or a third-party pursuant to a subpoena, as well as discovery responses, such as answers to interrogatories, requests for admissions, and/or requests for production of documents, which contain or reveal Confidential Information. This Order shall extend only to the use of Confidential Information during the discovery phase of the above-referenced litigation. The issue of confidentiality, if any, with respect to the use of such

Confidential Information at any hearing or the trial of this action is not contained in or governed by this Order.

2. This Order applies to all documents, tangible materials and/or information produced in discovery in this action that contain or consist of information, which is in good faith designated as Confidential Information by a party or third-party who produces the Confidential Information pursuant to Paragraph 5 below. Unless otherwise ordered by this Court, all such Confidential Information shall be used solely in accordance with the terms of this Order and in connection with the preparation for hearings and the trial of this action and any appeal therefrom. Confidential Information produced by any party or third-party is expressly prohibited from being used for business or commercial purposes by any person or entity to whom or which such Confidential Information is disclosed under the terms of this Order.

3. The term "Qualified Persons" as used in this Order shall include only the following: (a) the parties to this action, including their employees, owners, consultants, and board of directors members; (b) the parent companies of the parties, including their employees, consultants, and board of directors members; (c) counsel of record for the parties to this action, and all other attorneys, paralegals, stenographic and clerical employees of the law firm of such counsel of record assisting in the preparation for hearing or trial of this action; (d) in-house counsel for the parties to this action, and all paralegals, stenographic and clerical employees of the legal department of such parties assisting in the preparation for hearing or trial of this action; (e) experts who are assisting counsel of record in the preparation for hearing or trial of this action; (f) the judge, and any court personnel and reporters assigned to this action; (g) any witness deposed in this action, who in the good faith opinion of counsel of record, must be

deposed about the contents of any documents or information subject to this Order in preparation for the hearing or trial of this action; and (h) any court reporter necessary for such deposition.

4. "Confidential Information" means information or documents that the producing party believes in good faith contain or reflect a trade secret or other sensitive and confidential research, development or commercial information, the disclosure of which could adversely affect that party's competitive position or business operations, or concern private personal information. Information that constitutes and is to be treated as "Confidential Information" pursuant to this Order shall be designated as such in accordance with Paragraph 5 herein. Information or material that is (a) in the public domain at the time of production, (b) becomes part of the public domain through no fault of the receiving party, (c) is already in the receiving party's possession free of any restriction or use or disclosure, or (d) has been independently developed by the receiving party, shall not be considered "Confidential Information" under this Order.

5. All Confidential Information shall be designated or labeled in the following manner: there shall be placed clearly on the face of such Confidential Information a designation that adequately identifies it as subject to the terms of this Order, such as "Confidential -- Subject to Court Protective Order." If such Confidential Information consists of a document that has multiple pages, each page of the document shall be designated or labeled as set forth above.

If a producing party wishes to file any Confidential Information under seal with the Court, that party must first file a motion (the "Motion to Seal") requesting that the Court restrict public access to such Confidential Information. A receiving party who seeks to file with the Court any document previously designated as comprising or containing Confidential Information shall provide all other parties and any third-party that produced the Confidential Information pursuant to a subpoena with five (5) business days' written notice of its intent to file such

material with the Court, so that the producing party may file a Motion to Seal such Confidential Information if it so chooses.

The Motion to Seal shall be accompanied by a publicly accessible version of the document, wherein the information or material claimed to be confidential shall be removed or redacted, along with an affidavit describing the nature of the removed or redacted information or material and the basis for its designation as Confidential Information. The Court shall enter an order permitting the Confidential Information to be filed under seal if the Court finds by clear and convincing evidence that a restriction of public access to the Confidential Information is so warranted. In such event, the Confidential Information shall be placed in a sealed envelope, or other appropriate sealed container, which shall bear a similar endorsement referring specifically to this Order. Any envelope or container bearing such designation shall not be released to or opened by any person not a Qualified Person without further Order of the Court.

6. Subject to the limitation in Paragraph 3 above, the Confidential Information subject to this Order may be used in the taking of depositions in this action; provided, however, that the relevant portions of such depositions in which such Confidential Information is used also shall be subject to this Order and only Qualified Persons may be present at the relevant portions of such depositions. All portions of the transcripts of such depositions referring to or in any way revealing the contents of Confidential Information subject to this Order shall be deemed to be "Confidential Information" subject to this Order and shall be separately bound and marked by the court reporter as subject to this Order. Deposition testimony may be designated as Confidential Information by notifying each party and the court reporter on the record during the deposition or by notifying each party, in writing and within ten days of receipt of the transcript,

as to parts of the transcript so designated. Until expiration of the ten-day period, the entire transcript shall be treated as Confidential Information.

7. The entry of this Order shall not limit to whom the Confidential Information subject to this Order may be made available at hearing or trial or otherwise limit or restrict the use of such Confidential Information at hearing or trial; provided, however, that this Order shall not be construed to be a waiver of any objection to the introduction of, use of or reference to such Confidential Information at hearing or trial, or of any right of any party or third-party that produced the Confidential Information to move to limit to whom the Confidential Information is made available at hearing or trial or otherwise limit or restrict its introduction, use or reference at hearing or trial. Nothing in this Order shall diminish or waive the attorney-client privilege, the attorney work-product privilege, or any other applicable protection from, or objection to, discovery. This Order shall in no way limit a party's use of its own Confidential Information.

8. The inadvertent or accidental disclosure of, or inadvertent or accidental failure to designate, Confidential Information or privileged material shall not be deemed a waiver in whole or in part of a claim of confidentiality or a claim of privilege or other applicable protection from discovery, either as to the specific document(s) or information inadvertently disclosed or as to other documents or information relating thereto or of the same or related subject matter. Upon the request of the producing party, any document or discovery material that is inadvertently or accidentally produced without being designated as Confidential Information shall promptly be designated and labeled as such by the other party. Any inadvertently or accidentally disclosed document or information that is subject to a prior or subsequent claim of privilege, work-product, or other protection shall be returned immediately to the producing party.

9. Unless otherwise ordered by the Court, upon the final termination of this case by trial, appeal, settlement or otherwise, all tangible Confidential Information in the possession, custody, or control of the parties and/or their counsel, including all copies thereof, which is subject to this Order will be returned to counsel of record for the party or third-party that produced the Confidential Information or destroyed, without any copies of any of the foregoing being retained by the person returning or destroying such documents. In the event that any Confidential Information subject to this Order is destroyed in lieu of returning it to counsel of record for the party or third-party that produced the Confidential Information, the person destroying such Confidential Information shall promptly notify counsel of record for the party or third-party that produced the Confidential Information in writing when and how it was destroyed. Notwithstanding the return or destruction of such Confidential Information and the final termination of this case, the prohibition of this Order with respect to disclosure to non-qualified persons shall continue and remain in effect unless and until this Order is modified or rescinded. For purposes of this Order, copies of tangible Confidential Information filed with the Court shall not be considered within the possession, custody, or control of the parties or their counsel unless and until such copies are returned by the Court to the parties and/or their counsel.

10. It shall be the responsibility of each counsel of record who made any Confidential Information subject to this Order available to a Qualified Person hereunder to make sure that such Qualified Person understands and complies with this Order, including but not limited to, the obligation to return all such tangible Confidential Information to counsel of record or to destroy it.

11. This Order may be modified upon written stipulation of the parties as approved by the Court, or by the Court upon the motion of any party or third-party that produces Confidential

Information pursuant to a subpoena, for good cause shown, and nothing in this Order shall preclude any party or third-party that produces Confidential Information pursuant to a subpoena from seeking or obtaining additional or different protection with respect to any discovery material that it believes ought to be entitled to protection. Additionally, any party that objects to the designation of any materials as "Confidential Information" may file a motion with the Court, seeking a determination as to the applicability of any such designation to any materials produced pursuant to the terms of this Order.

12. The terms of this Order shall apply to any materials produced by any party prior to the date hereof and designated by the producing party as Confidential Information

**IT IS SO ORDERED.**

Dated: 2/5/14

Timothy S. Black
United States District Judge

**HAVE SEEN AND AGREED**:

*/s/ Brian J. Butler*
Robert A. Klingler (0031603)
Brian J. Butler (0082675)
ROBERT A. KLINGLER CO., L.P.A.
525 Vine Street, Suite 2320
Cincinnati, Ohio 45202
Telephone: (513) 665-9500
Facsimile: (513) 621-3240
Email: rak@klinglerlaw.com
          bjb@klinglerlaw.com
Attorneys for Plaintiff


*/s/ Steven C. Coffaro*
Steven C. Coffaro
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
steve.coffaro@kmklaw.com
Tel. (513) 579-6489
Fax: (513) 579-6457
Attorneys for Defendant
Pediatric Associates of Dayton, Inc.


*/s/ Dion Y. Kohler*
Dion Y. Kohler
JACKSON LEWIS LLP
1155 Peachtree Street, NE, Suite 1000
Atlanta, Georgia 30309
kohlerd@jacksonlewis.com
Tel. (404) 586-1843
Fax: (404) 525-1173
Attorney for Defendants Orion Healthcorp, Inc.
and Integrated Physician Solutions, Inc.

<u>*/s/ John M. Ruffolo*</u>
John M. Ruffolo
RUFFOLO, STONE, & DRESSEL
7501 Paragon Road
Dayton, Ohio 45459
<u>ruffololawdayton@aol.com</u>
Tel. (937) 434-3556
Fax. (937) 4336-0008
Attorney for Defendant
David L. Roer, M.D.